Kenneth Michael SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23215.

United States Court of Appeals
Fifth Circuit.

May 12, 1966.

John L. Briggs, Jacksonville, Fla., Court-appointed counsel, for appellant.

Bernard Nachman, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge

COLEMAN, Circuit Judge:

This eighteen year old appellant, Kenneth Michael Smith, ably represented both here and in the court below by appointed counsel, was convicted of the interstate transportation of a motor vehicle in violation of Title 18, U.S.C.A. § 2312. Pursuant to Rule 23(a), Federal Rules of Criminal Procedure, jury trial was waived.

The car was stolen in Akron, Ohio, by one James T. Westfall, age seventeen, who had entered his plea of guilty and been sentenced prior to the trial of this appellant. The defense was that while appellant was with Westfall shortly before the automobile was stolen and thereafter accompanied him to Florida, during which time he drove the automobile, he had no knowledge of the theft. While Westfall changed some versions of his testimony about the matter, as will be seen, he steadfastly maintained that he told appellant of the theft shortly after it was accomplished. There were other incriminating circumstances. For instance, the ignition on the stolen automobile was unlocked with a key which Westfall had obtained from the appellant. The testimony, if believed, was sufficient to establish guilty knowledge and the district judge did believe it. We, therefore, find no room for reversal.

After the Judge had heard all the proof and had announced that he found the defendant guilty, he retired to chambers to consider a pre-sentence report which defendant had previously requested but which the court had not examined. Pending the examination, appellant was held with Westfall in the custody of the Marshal. Westfall then told appellant that he thought he had been mistaken in testifying that appellant had been with him when he switched tags on the automobile. Alert counsel promptly brought this to the attention of the court and was allowed to reopen the proof for the purpose of exploring this development. Westfall then repudiated the tag changing testimony but adhered steadfastly to the con-

tention that he had told appellant of the theft before the departure for Florida. The point is made here, although not strongly urged, that having seen the pre-sentence report and it being determined that additional evidence should be taken the trial judge should have declared a mistrial of his own motion. We disagree.

Rule 32(c) (1) Federal Rules of Criminal Procedure, provides:

"The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty."

In applying this Rule, it has been held that consideration by a trial court of a presentence investigation prior to arraignment constitutes reversible error. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1958); Smith v. United States, 5 Cir., 1956, 238 F.2d 925, reh. den. 5 Cir., 240 F.2d 1957. The purpose of the proscription in Rule 32(c) has been described as an assurance of "the fact, as well as the appearance, that the judge is an arbiter and not an arm of the prosecution". United States v. Christakos, U.S.D.C., M.D.Ala., S.D.1949, 83 F.Supp. 521, 525.

In the case at bar the requirements of Rule 32(c) (1) were not violated by the trial court for the simple reason that the presentence investigation report was in fact examined after the Court had made its finding of guilty.

Indeed, it has been held that a trial judge who has obtained background information on a defendant, for legitimate reasons, such as on consideration of a motion to reduce bail, and not in contravention of the proscription of Rule 32(c) (1), does not thereby render himself incompetent to try that defendant. Warren v. Richardson, 9 Cir., 1964, 333 F.2d 781.

 The receipt by a trial judge of a presentence investigation report, in a manner not prohibited by Rule 32(c) (1), does not disqualify him from hearing evidence on a reopening of a trial. To suggest otherwise would suggest also that he thereby renders himself incompetent to hear a retrial of the same case, should he be reversed on appeal. It would suggest also that, thereafter, the Court would be disqualified to try the same defendant on other offenses. That would be highly untenable in light of the decisions that a trial judge, who is familiar with a defendant's background by reason of having tried him in previous cases, is not thereby disqualified to try the same defendant in subsequent cases. United States v. Sansone, 2 Cir., 1963, 319 F.2d 586; Cox v. United States, 8 Cir., 1962, 309 F.2d 614; Barnes v. United States, 9 Cir., 1956, 241 F.2d 252.

Affirmed.