UNITED STATES of America,
Plaintiff-Appellee,

v.

Danny John MONTECALVO,
Defendant-Appellant.

No. 75–1125.

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1976.

Lawrence R. Horn, San Francisco, Cal., for defendant-appellant.

J. S. Obenour, Jr., Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

## ON REHEARING

Before HUFSTEDLER and CHOY, Circuit Judges, and REAL,* District Judge.

We granted the Government's petition for rehearing because we became convinced that the rule of *United States v. Park* (9th Cir. 1975) 521 F.2d 1381, holding that a violation of Rule 32 of the Federal Rules of Criminal Procedure was *per se* reversible error, which we followed in our original opinion,[1] should not have been applied to this case. In *Park,* without the defendant's consent and in plain violation of *Gregg v. United States* (1969) 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442, the trial judge had read the presentence report before he announced his verdict. (521 F.2d at 1382.) In this case, the trial judge read the presentence report after Montecalvo had entered a guilty plea, which later aborted during the Rule 11 hearing. *Park* should not apply to *Montecalvo* because the reading of the presentence report was induced by Montecalvo's counsel, and the Rule 32 error, if any, was thus invited.

Because the Rule 32 issue vanishes, we turn to the only other contention that merits comment. Montecalvo claims that the district judge should have disqualified himself from trying the case after he filed an affidavit of bias against the judge pursuant to 28 U.S.C. § 144. The judge against whom such an affidavit is filed cannot pass on the truth or falsity of the facts as stated in the affidavit. (*Berger v. United States* (1921) 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481.) However, he is entitled to pass upon the legal sufficiency of the affidavit. The district judge did not err in refusing to recuse himself because the affidavit was legally insufficient. The affidavit states that the district judge had remarked that "he wanted to notify the press that he wanted no more bank robbers released in Tacoma, Washington, from McNeil Island Penitentiary." In context, the judge was expressing his annoyance with the Parole Board policy, not expressing any opinion about any particular parolee, or about any person who, like Montecalvo, was accused of bank robbery. The remark does not evidence any bias toward Montecalvo.

Montecalvo also relied on the district judge's reading his presentence report as a basis for disqualification. The district judge's knowledge of prior convictions and other facts contained in reports which were properly brought to his attention during the performance of his judicial duties is not a basis for disqualifying the judge. (*United States v. Grinnell* (1966) 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778.)

The prior opinions are vacated. The conviction is affirmed.

REAL, District Judge (concurring):

I concur in the result reached by the majority but adhere to the reasons set forth in my dissent. *United States v. Montecalvo,* 533 F.2d 1110 (9th Cir. 1976).

---

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. Our prior opinion is reported as *United States v. Montecalvo* (9th Cir. 1976) 533 F.2d 1110.