**UNITED STATES of America**

v.

**Blanchard Lee SAVANT.**

**Crim. No. 76–H–180.**

United States District Court,
S. D. Texas,
Houston Division.

June 6, 1978.

Carl Walker, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff.

Jimmy Phillips, Jr., Angleton, Tex., for defendant.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Defendant has filed a motion that the court disqualify pursuant to 28 U.S.C. § 144. The affidavit of Defendant in support of the motion is as follows:

"My name is BLANCHARD LEE SAVANT. I am incarcerated in the Federal Penitentiary in Fort Leavenworth, Kansas.

"I am filing this Affidavit to be attached to a Motion asking Judge Ross N. Sterling to disqualify himself from my case.

"My reasons for doing so are as follows: The attitude of the Court was manifested first against me when he assessed my pun'shment at the maximum term; he did so without any reason or explanation; my Motion For Bond After Sentencing was not given a fair determination but was acted upon without a hearing; it was first denied without any findings; thereafter, after an Order from the Fifth Circuit Court of Appeals, it was again denied without any hearing being afforded me.

"On appeal my sentence was vacated by the Fifth Circuit Court of Appeals; and in their opinion, they indicated that certain material of a highly prejudicial nature which was not of a highly reliable and probative character, was included in my presentence report; your Affiant says that this material was of such a prejudicial nature that its effect on the sentencing Judge creates such a prejudice in his mind that it cannot be set aside; the Affiant would further point out that the sentencing Judge refused to have a new presentence report made, or an update or correction thereof made, thereby indicated his belief in the accuracy of the prior presentence report and his refusal to admit that he may possibly have relied on incorrect information.

"That after my sentence was vacated by the Fifth Circuit Court of Appeals, the Trial Judge did nothing in regards to a new sentencing hearing; sometime later my Attorney filed certain Motions to attempt to secure my release on bond and to have the presentence report updated and corrected; still nothing was done by the Trial Court; then as a last resort, my Attorney filed a Writ of Mandamus with the Fifth Circuit Court of Appeals; that immediately upon notice of the Writ of

Mandamus, the Trial Judge entered an order denying all of my Motions and setting the resentencing without any hearing; a copy of the Order is attached as Exhibit 1; the tone and the attitude reflected by that Order is one of defiance and revenge; and it appears that the Judge's mind has already been made up as to the sentence which he will assess regardless of what evidence I am able to present at the sentencing hearing;

"It is obvious that because of my actions, vacating the first sentence and seeking a Mandamus, the Trial Judge has become angered; I feel that I will be punished for asserting my rights in law and that he will not fairly assess my punishment after a fair hearing; I feel that he will arbitrarily re-assess my punishment at ten (10) years.

"Recently the Trial Judge came under severe criticism because he assessed very light punishment to some convicted criminals, who, like me, had no felony convictions; he was criticised by the United States Attorney's Office, chastised by the press and denounced by a segment of the community in which he lives; all of this was because he did not assess a severe enough punishment.

"All of this considered, it will be extremely difficult, if not impossible, for the Trial Judge to hold the sentencing hearing and to, without any bias or prejudice, fairly assess a punishment against me for the crime which I committed and not assess the punishment because of the influence of prior inaccuracies of the presentence report, the actions of myself in availing myself of my rights accorded to me in law, or because of the criticisms of the public and the law enforcement agencies on account of sentences assessed in other cases.

"I hereby state that all the statements made in this Affidavit are true and correct to the best of my knowledge and belief."

 It is the opinion of the court that the affidavit is totally insufficient under 28 U.S.C. § 144 in that it clearly shows that any opinion which the court may have in this case comes only from information which this court has had available to it because of the proceedings in this case. The allegation in the affidavit that this court is in any way influenced by occurrences in other cases can be termed only as scurrilous. Information contained in the presentencing investigative report cannot be the basis of a claim of personal bias or prejudice against a defendant. *United States v. Montecalvo,* 545 F.2d 684 (9th Cir. 1976), cert. denied, 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229. The same is true as to prior rulings of the court. *United States v. Bray,* 546 F.2d 851 (10th Cir. 1976).

For these reasons, defendant's motion is DENIED.