UNITED STATES of America, Plaintiff-Appellee,

v.

Mickey Claude CLARK, Defendant-Appellant.

No. 79–5213

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1979.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Donald E. Ervin, Houston, Tex., for defendant-appellant.

J. A. Tony Canales, U. S. Atty., John M. Potter, Daniel T. Kamin, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mickey Clark was charged under Count I of the indictment with bank robbery and forcing a person to accompany him during the commission thereof in violation of 18 U.S.C. § 2113(e). A plea agreement was reached whereby appellant agreed to plead guilty to Count I and the government agreed to recommend a 15 year sentence for appellant.

Pursuant to this agreement, on August 15, 1978, at his arraignment before Judge Sterling, appellant pleaded guilty to Count I. Judge Sterling accepted the guilty plea. Appellant filed a motion waiving presentence investigation. The Court rejected the motion, finding that presentence investigation was necessary. The investigation was ordered, and on September 19, 1978, the Court announced a sentence of life imprisonment. Appellant immediately requested leave to withdraw his guilty plea. Judge Sterling initially denied this request on the ground that the Court was not bound by the plea agreement; but on September 21, 1978, permission to withdraw the guilty plea was granted.

On October 23, 1978, appellant filed a motion for recusal pursuant to 28 U.S.C. § 144[1] and § 455(a)[2]. The accompanying affidavit cited Judge Sterling's exposure to appellant's testimony at the arraignment and Judge Sterling's reading of the presentence report as evidence of bias, partiality, and personal knowledge of disputed evidentiary facts. After noting that the sequence of events as set forth in the affidavit was incorrect—the affidavit indicated that the Court permitted the guilty plea to be withdrawn on August 16, 1978, rather than September 21, 1978—the Court denied the recusal motion, on the grounds that the affidavit was insufficient under 28 U.S.C. § 144 "in that it clearly shows that any opinion which the Court may have in this case comes only from information which this Court has had available to it because of the proceedings in this case. Information contained in the presentencing investigative report cannot be the basis of a claim of personal bias or prejudice against defendant. *United States v. Montecalvo*, 545 F.2d 684 (9th Cir. 1976), *cert. denied* 431 U.S. 918 [97 S.Ct. 2184, 53 L.Ed.2d 229]."

The case proceeded to trial. After a jury verdict of guilty, Judge Sterling sentenced appellant to life imprisonment.

---

1. § 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than 10 days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

2. § 455. Disqualification of justice, judge, magistrate, referee in bankruptcy

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has had a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

* * * * * *

Appellant's sole contention on this appeal is that Judge Sterling erred in refusing to recuse himself. We reject this contention and affirm.

Appellant's principal argument is that Judge Sterling should have been disqualified from presiding over the jury trial in this case, because he read the presentence report in connection with the subsequently withdrawn guilty plea without appellant's consent. Appellant relies on *United States v. Montecalvo*, 545 F.2d 684 (9th Cir. 1976), *cert. denied* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229. That reliance is misplaced. *Montecalvo* involved a guilty plea, the judge's examination of a presentence report, a withdrawal of the guilty plea, and a subsequent jury trial and conviction presided over by the same judge. In its initial decision, reported at 533 F.2d 1110 (1976), the Ninth Circuit reversed the conviction, relying upon an earlier Ninth Circuit case, *United States v. Park*, 521 F.2d 1381 (1975). *Park* had held that it was *per se* reversible error for a trial court, in violation of Rule 32(c)(1), F.R.Crim.P. [3], to read a presentence report before the determination of guilt. 521 F.2d at 1383. However, on rehearing the *Montecalvo* case, 545 F.2d 684 (1976), the Ninth Circuit affirmed the conviction, holding that the *Park* rationale should not apply where there was not a Rule 32 violation, or where such violation, if any, was invited by defendant. Specifically, the Ninth Circuit held that the fact that the district judge had read the presentence report was not a basis for disqualification where the report had properly come to his attention during the performance of his judicial duties.

Although involving slightly different facts, this case is controlled by the principles announced in *Smith v. United States*, 360 F.2d 590 (5th Cir. 1966). There, the district court, in a bench trial, found defendant guilty. The Court then read a presentence report on defendant. Subsequently, the Court, on defendant's motion, reopened the proof and, after hearing additional evidence, again found defendant guilty. On appeal, defendant, relying on Rule 32(c)(1), contended that the district court should have declared a mistrial because the judge had read the presentence report before he reopened the proof. Affirming the conviction, this court observed that Rule 32(c)(1) was not violated since the trial judge read the presentence report only after finding defendant guilty. We further held that:

> The receipt by a trial judge of a presentence investigation report, in a manner not prohibited by Rule 32(c)(1), does not disqualify him from hearing evidence on a reopening of a trial. To suggest otherwise would suggest also that he thereby renders himself incompetent to hear a retrial of the same case, should he be reversed on appeal. It would suggest also that, thereafter, the Court would be disqualified to try the same defendant on other offenses. That would be highly untenable in light of the decisions that a trial judge, who is familiar with the defendant's background by reason of having tried him in previous cases, is not thereby disqualified to try the same defendant in subsequent cases. [citing cases]. 360 F.2d at 592.

Accord *United States v. Hernandez-Vela*, 533 F.2d 211 (5th Cir. 1976); *United States*

---

**3.** Rule 32(c)(1), as amended in 1975, provides:
  (c) Presentence Investigation.
  (1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.
*Park, supra,* and *Smith v. United States,* discussed *infra,* were decided before the 1975 amendments to Rule 32. The changes made in the rule are immaterial to this decision.

*v. Partin*, 552 F.2d 621, 636–39 (5th Cir.), *cert. denied* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977), which followed *Smith*, and held that a judge, reversed on appeal, may preside over the retrial.

■ Following the reasoning of *Smith* and *Partin*, we hold in this case that it was not improper for Judge Sterling to preside over defendant's jury trial. The fact that the judge had read the presentence report after defendant's initial guilty plea, which of course was proper under Rule 32(c)(1), is not a basis for recusal in the ensuing trial.

We note that this decision is in accord with the Ninth Circuit, *United States v. Montecalvo*, 545 F.2d 684 (1976), the First Circuit, *United States v. Bourque*, 541 F.2d 290 (1976), and the Eighth Circuit, *United States v. Lyon*, 588 F.2d 581 (8th Cir. 1978). We also note that our decision is consistent with *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), which held that alleged bias and prejudice, to be a basis for disqualification, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. None of the grounds for disqualification suggested by the appellant here is based on any alleged extrajudicial source. The affidavit in support of appellant's motion to recuse cited, as grounds for bias, only the fact that Judge Sterling had read the presentence report, made certain adverse rulings (including the imposition of a life sentence) during the proceedings preceding the jury trial, and acquired knowledge of other facts in the course of the aforesaid preliminary proceedings. None of the facts alleged in appellant's affidavit, or otherwise shown by him, evidence any personal prejudice or bias by Judge Sterling against appellant, or otherwise suggest any action which was not within the Judge's proper judicial function.

Similarly, Judge Sterling's adverse rulings during the preliminary proceedings, including the imposition of a life sentence following the guilty plea, were part of his proper judicial functions, and do not indicate prejudice. *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) *cert. denied* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979) (adverse rulings are not grounds for disqualification.); *United States v. De La Fuente*, 548 F.2d 528, 541 (5th Cir. 1977).

■ It is true, as appellant argues, that a judge against whom a motion to recuse has been filed, cannot consider the truth or falsity of the factual allegations in the affidavits supporting the motion. *Berger v. United States*, 255 U.S. 22, 35–6, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1977), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188. However, Judge Sterling's order denying the motion did not weigh the merits of appellant's allegations. The judge simply clarified certain dates which were incorrectly stated in appellant's affidavit (the affidavit being self-contradictory in this regard and revealing an obvious error), and which dates were irrelevant to the merits of appellant's allegations and to the judge's finding that the motion to recuse was not sufficient. Appellant's argument is without merit.

AFFIRMED.