**UNITED STATES of America**

v.

**Juan Manuel Contreras SEPULVEDA et al., Defendants.**

**Crim. No. 78–367.**

United States District Court, District of Columbia.

March 3, 1981.

Paul Goldberger, Stephen C. Glassman, New York City, for Guillermo Novo Sampol.

Lawrence Dubin, Stephen C. Glassman, New York City, for Alvin Ross Diaz.

Stephen C. Glassman and Fred Warren Bennett, Ret., Paul Goldberger, Oscar Gonzalez Suarez, William J. Garber, Ret., New York City, for Ignacio Novo Sampol.

E. Lawrence Barcella, Jr., Cary M. Feldman, H. Lowell Brown, Washington, D. C., for United States.

## ORDER DENYING REASSIGNMENT

BARRINGTON D. PARKER, District Judge.

In a decision rendered on September 15, 1980, the Court of Appeals for this Circuit reversed the convictions of Ignacio Novo Sampol, Guillermo Novo Sampol, and Alvin Ross Diaz and remanded their cases for new trials. *United States v. Guillermo Novo Sampol, et al.*, 636 F.2d 621 (D.C.Cir.1980). Two of the defendants, Guillermo Novo Sampol and Alvin Ross Diaz, have now moved that this proceeding be reassigned to a different judge for retrial. After considering the defendants' motion, the government's opposition, and the entire record in this case, the Court concludes that there is no cause for reassigning this matter and the motion is therefore denied.

The defendants present two arguments for reassignment. First, they claim that "the due process and fair trial provisions of the Federal Constitution and Rule 32 of the Federal Rules of Criminal Procedure" require reassignment since the present judge "presided over the original trial and read defendants' presentence reports . . . ." Second, they argue that "the fair trial provisions of the Federal Constitution and 28 U.S.C. § 144" require reassignment "since the present judge demonstrated actual prejudice against these defendants during the prior proceedings." Neither contention supports reassigning this case.

 To support their first claim, defendants rely on the provision of Rule 32 that requires that a presentence report "not be submitted to the court . . . unless the defendant has pleaded guilty or nolo contendere or has been found guilty . . . ." Fed.R.Crim.P. 32(c)(1). The purpose of this provision is to prevent "possible prejudice from premature submission of the presentence report" to the judge who will "pronounce the defendant's guilt or innocence or who will preside over a jury trial." *Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969). Defendants ask that the Court observe a *per se* rule adopted by the Ninth Circuit that bars a judge from presiding over a trial after he has read the presentence report. *United States v. Montecalvo*, 533 F.2d 1113 (9th Cir. 1975); *United States v. Park*, 521 F.2d 1381, 1382–83 (9th Cir. 1975). In the alternative, they urge that the case be reassigned under the factors set out by the Second Circuit in *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc).

Rule 32 does not require reassignment of this case. Contrary to defense counsel's belief that the Ninth Circuit *per se* rule "is eventually going to become the rule of law in this country,"[1] other circuit courts have refused to adopt it. *See United States v. Clark*, 605 F.2d 939 (5th Cir. 1979) (per curiam) (no need for recusal following withdrawal of guilty plea since the report properly came to Court's attention during performance of judicial duties); *United States v. Lyon*, 588 F.2d 581, 582–83 (8th Cir. 1978) (no reassignment for retrial); *United States v. Harris*, 542 F.2d 1283, 1304 (7th Cir. 1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977) (no need for recused where judge reads reports in connection with prior cases); *United States v. Bourque*, 541 F.2d 290, 296 (1st Cir. 1976) (no need for recusal where judge saw report following aborted guilty plea). In reconsidering the *Montecalvo* decision, the Ninth Circuit itself appears to have retreated from the broad per se rule announced in its earlier opinion. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976) (per se rule not applicable where Court was induced to read report by aborted guilty plea). Since in this case the presentence reports were not available to the Court until after the defendants had been convict-

---

1. Transcript of Proceedings, December 23, 1980 at 26.

ed, Rule 32 provides no basis for recusal here.

Defendants also rely on *United States v. Robin*, 553 F.2d 8 (2d Cir. 1977) (en banc), in which the Second Circuit outlined three factors to be weighed by an appellate court in determining whether further proceedings on remand should be conducted before a different judge:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Their counsel stress the first two considerations, pointing out that in this case, reassignment would be best "both for the judge's sake and the appearance of justice." *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir. 1974). In particular, they express concern that the Court would be unable to remove from its mind inadmissible evidence received at the first trial and that the public might perceive some unfairness in defendants being retried before a judge who previously had imposed severe sentences on them.

■ The defendants overstate the danger of prejudice from evidence presented in the course of the first trial. The Court was not sitting as the trier of fact and would not be doing so during the retrial, a factor which greatly reduces the need for reassignment. *United States v. Robin*, 553 F.2d at 10. Judges who merely preside at jury trials regularly hear inadmissible evidence highly prejudicial to defendants without being considered biased. Moreover, defendants underestimate the public's intelligence and understanding that a jury and not this judge, rendered the guilty verdict at their first trial, and that a new jury will weigh the evidence and render a verdict of guilty or not guilty at any retrial. Finally, there is some interest in a retrial before the same Judge where the Court's familiarity with such a complex case would aid in anticipating and resolving problems on retrial, thus contributing to a smoother, more efficient proceeding.

■ Defendants also stress the severity of the sentence as a reason for reassignment, notwithstanding the availability of Rule 35. This case, however, does not involve the extreme circumstances which moved the Second Circuit to require reassignment in *Robin* or *Schwarz*. In the former, the Second Circuit stated it was "especially concerned when a harsh sentence is imposed upon as questionable a foundation as existed in this case." *United States v. Robin*, 545 F.2d 775, 782 (2d Cir. 1977) (panel opinion). In *Schwarz*, the same court of appeals directed reassignment after the sentencing judge indicated that he would not consider sentencing the defendant under the Youth Corrections Act despite her eligibility, because she was well-educated and well-to-do. 500 F.2d at 1351. The Court found that judge's remarks at sentencing inappropriate because they were "susceptible of the meaning that only a particular class of persons can claim consideration under the Act." *Id.* at 1352. In contrast with these cases from the Second Circuit, the District of Columbia Circuit noted that the convictions here were supported by the evidence, 636 F.2d at 677, and that the sentences were lawful. *Id.* at 679.

The present case also differs significantly from the Second Circuit decisions in *Robin* and *Schwarz*, in that the appellate opinion in this proceeding contains no suggestion whatsoever that reassignment would be appropriate. This district has no local rule governing reassignment for retrials and the standard practice is a retrial before the same judge. Nonetheless, the Court of Appeals has not hesitated to indicate where reassignment may be appropriate. *See United States v. Barnes*, No. 80–1055, slip op. at 12 (D.C.Cir. December 1, 1980).

Defendants also claim that the recusal statute, 28 U.S.C. § 144, requires reassignment because this judge "demonstrated ac-

tual prejudice against these defendants during the prior proceedings." In their motion, defendants point to the Court's characterization of the Letelier assassination as the most "monstrous" and "coldblooded" crime that had come before him in his ten years on the bench, as an indication of personal bias. That observation was made at the sentencing after defendants and their counsel had availed themselves of allocution. They also refer to certain comments made at the sentencing as indicating the Court's "personal belief that the defendants were particularly heinous because they were immigrants rather than native-born Americans." The effect of these opinions, according to the defendants, was manifested in the severe sentences imposed. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

■ Aside from grossly mischaracterizing the Court's remarks at sentencing, the motion fails to comply with the legal requirements of the statute in that it is not accompanied by an affidavit or a certificate of counsel. This alone is grounds for denying the motion. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973); *Coppedge v. United States*, 311 F.2d 128, 133 (D.C.Cir.1962) (mo-

tion to disqualify before retrial). Moreover, the reasons advanced are legally insufficient to support recusal since "the alleged bias and prejudice to be disqualifying must stem from an *extra-judicial* source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Such is not the case here.

Finally, although defendants do not address it in their motion, the Court will consider the impact of 28 U.S.C. § 455 on this matter. That section provides in relevant part:

> (a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

"This section sets up an objective standard for recusal, creating the so-called 'appearance of justice' rule." *In re International Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1979). Although section 455, unlike section 144, requires no affidavit, a party urging disqualification under 455(a) or (b)(1) must still establish bias from extra-judicial sources and not from judicial conduct. *Id.* at 627, 628. Nothing in the record of this proceeding provides any basis for the recusal under this section or section 144,[2] and the Court is satisfied there is no reason to reassign this case.

Accordingly, it is this 3rd day of March, 1981,

ORDERED that defendants' motion for reassignment of this case to another judge is denied.

---

**2.** Rejection of defendants' claim under these statutes "a fortiori" defeats their allegations of denial of their due process right to a fair trial.

*In Re International Business Machines Corp.*, 618 F.2d at 932 n.11; *United States v. Haldeman*, 559 F.2d 31, 130 n.276 (D.C.Cir.1976).