**UNITED STATES of America, Plaintiff,**

v.

**Theodore "Teddy" GREEN, Defendant.**

**No. CR–83–0747 SC.**

United States District Court,
N.D. California.

Jan. 13, 1984.

**936**

John Russoniello, U.S. Atty., Peter Robinson, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

James Hewitt, U.S. Public Defender, Harry Hellerstein, Asst. Public Defender, San Francisco, Cal., for defendant.

## ORDER RE DEFENDANT'S MOTIONS TO DISMISS INDICTMENT; TO STRIKE RESPONSE; AND FOR CHANGE OF PRESIDING JUDGE

CONTI, District Judge.

Defendant has been charged by indictment for violation of 18 U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1342 (Use of a Fictitious Name). This matter is presently before the court on the following motions of defendant: motion to dismiss the indictment; motion to strike the Government's response to defendant's motion to dismiss, and; a motion to disqualify me from presiding over the action on the basis of the Government's allegedly improper submittal of prejudicial newspaper articles to the court. For the reasons set forth below, the motions are denied.

The indictment charges that between March 25, 1983, and June 10, 1983, defendant:

did knowingly devise and intend to devise a scheme to defraud ... (1) the United States and its citizens of its right to bring defendant to justice for violation of

his probation and (2) to defraud the California Department of Motor Vehicles of its right to have its California Driver's License program administered free from falsehood and deceit.

In support of his motion defendant argues that 18 U.S.C. § 1341 has never before been used to prosecute a person for obtaining a driver's license in a fictitious and assumed name. Defendant states that he did not obtain any item possessing financial significance, nor was he operating as a trustee or political office holder whose conduct deprived beneficiaries or the public, respectively, of his "honest and faithful service." *See United States v. Margiotta,* 688 F.2d 108, 112 (2nd Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). Defendant merely obtained a driver's license, a license which is not limited in number, and which did not deprive anyone of his or her property or other item of value. As such, defendant argues, he cannot be in violation of 18 U.S.C. § 1341.

■ The court disagrees. Although defendant is not a trustee or officeholder, nor has defendant engaged in a scheme to defraud someone out of money, he may still fall within the "intangible rights doctrine" of the mail fraud statute. In *United States v. Louderman,* 576 F.2d 1383 (9th Cir.1978), the Ninth Circuit upheld a wire fraud conviction of two operators of a "skip tracing" service who had obtained confidential information from telephone offices and post offices. In analogizing to the mail fraud statute, the court found that such activity violated the wire fraud statute (18 U.S.C. § 1343) because it constituted a "loss to the subscribers of their right to privacy, and telephone subscribers and post office box holders were being deprived of part of the service for which they were paying." *Id.* at 1387.

■ In light of *Louderman,* it would appear that the alleged activity in the present action, i.e., use of the mail to defraud the United States of its right to bring defendant to justice, and to defraud the California Department of Motor Vehicles of

its right to have its license program administered free from falsehood, is a sufficient "intangible right" to be protected by the mail fraud statute. Further, in construing the scope of 18 U.S.C. § 1341, it must be kept in mind that "[t]he statute includes a broad proscription of behavior for the protection of society." *United States v. Keane,* 522 F.2d 534, 544 (7th Cir.1975), *cert. denied,* 424 U.S. 976, 96 S.Ct. 1481, 47 L.Ed.2d 746 (1976). The court therefore concludes that the acts and conduct alleged in the indictment are sufficient to constitute a prosecutable scheme to defraud within the meaning of 18 U.S.C. § 1341.

■ In accordance with the foregoing, it is hereby ordered that defendant's motion to dismiss the indictment is denied.

In regard to defendant's motion to strike the Government's response to his motion on the ground that it contained improper, irrelevant and prejudicial newspaper articles, the court finds that said information does not constitute sufficient grounds for striking the response. The information apparently attempted to demonstrate the seriousness of defendant's behavior in allegedly seeking to escape Federal authorities.

■ Further, said information is not so prejudicial as to warrant my recusal. The mere fact that a judge may be aware of a defendant's prior record is not a sufficient ground for disqualification. *United States v. Montecalvo,* 545 F.2d 684 (9th Cir.1976).

In accordance with the foregoing, it is hereby ordered that defendant's motion to dismiss the indictment, motion to strike the Government's response, and motion for a change of judge, be denied.