# United States Court of Appeals for the Fifth Circuit

---

No. 25-10654
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

Terrence M. Gore,

*Plaintiff—Appellant*,

*versus*

Trans Union LLC,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1199

---

Before Jones, Richman, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Terrence M. Gore, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's order awarding attorneys' fees and costs to Trans Union LLC (Trans Union) and the district court's order denying his motion for reconsideration under Federal Rule of Civil Procedure 59(e). The order awarding fees and costs arises out of a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

lawsuit commenced by Gore against Trans Union, raising claims under the Texas credit reporting statute codified at Chapter 20 of the Texas Business and Commerce Code (TBCC) and the federal Fair Credit and Reporting Act (FCRA). The district court granted Trans Union's motion to dismiss under Federal Rule of Civil Procedure 12(c) and dismissed Gore's suit as barred by res judicata. This court dismissed Gore's appeal of the judgment of dismissal. *See Gore v. Trans Union LLC*, No. 24-10203 (5th Cir. July 31, 2024).

Trans Union filed a motion seeking an award of attorney's fees in the amount of $57,128.60, and costs in the amount of $812.17, pursuant to TBCC § 20.08(c). *See* TEX. BUS. & COM. CODE ANN. § 20.08(c). The district court entered an order granting the motion. Gore now seeks to proceed IFP in his appeal of the order. His IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Gore first contends that the district court erred in dismissing his underlying lawsuit on the grounds of res judicata. He also challenges the fact that the district court did not provide him with leave to amend prior to dismissing his case. However, the only decisions at issue in this appeal are the district court's order awarding fees and costs and the and order denying Gore's Rule 59(e) motion. Gore cannot challenge the judgment of dismissal through his appeal of those orders.

Second, he argues that the district court abused its discretion in finding that Trans Union was the "prevailing party" under TBCC § 20.08(c), because its dismissal was not a decision on the merits insofar as it is without prejudice. *See Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998) (noting that courts review a district court's award of attorneys' fees for abuse of discretion). However, the district court's

dismissal was not merely without prejudice; rather, the dismissal was without prejudice only if the state trial court judgment in favor of Trans Union—upon which the district court's res judicata finding was based—was reversed on appeal.  The condition that the state appellate court reverse the trial court did not occur and cannot now occur insofar as the state appellate court affirmed the trial court's judgment dismissing Gore's claims and the Texas Supreme Court denied Gore's petition for review.  *See Gore v. Trans Union LLC*, No. 05-23-00659, 2024 WL 4449499 (Tex. App. Oct. 9, 2024).  Accordingly, the district court did not abuse its discretion in concluding that Trans Union was the prevailing party.  *See Epps v. Fowler*, 351 S.W.3d 868-69 (Tex. 2011).

Third, Gore argues that TBCC § 20.08(c) is federally preempted by the attorney fee provisions set forth in the FCRA, insofar as the TBCC allows a recovery of attorneys' fees to the prevailing party unconditionally whereas the FCRA allows a recovery of fees to a prevailing party only upon a showing that the non-prevailing party acted in bad faith or for the purposes of harassment.  However, Gore fails to raise a nonfrivolous argument that either express preemption, field preemption, or conflict preemption applies to TBBC § 20.08(c).  *See Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 473-74 (5th Cir. 2013).

Gore next contends that the district court abused its discretion because it failed to segregate Trans Union's recoverable attorneys' fees from (i) those relating to other litigation he commenced against Trans Union and (ii) those in this litigation relating to Trans Union's defense of his claims under the FCRA.  However, as to (i), Gore fails to point to any unrecoverable fees relating to other litigation and the record evidence demonstrates there are none.  As to (ii), the record evidence demonstrates that Gore's claims in this litigation were inseparable, and he fails to point to

any evidence or make any meaningful argument to the contrary. *See Thomas v. Hughes*, 27 F.4th 995, 1020 (5th Cir. 2022).

He also claims that the district court was biased against him because she erroneously granted Trans Union's Rule 12(c) motion and dismissed his case and erroneously granted Trans Union's fee and cost motion. However, he fails to identify any extrajudicial evidence that the district court judge based her rulings on something other than what she learned from her participation in the case. *United States v. Clark*, 605 F.2d 939, 942 (5th Cir. 1979). Conclusory statements do not constitute such evidence, nor does Gore's mere disagreement with the district court's rulings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Gore claims that the district court's award of attorneys' fees and costs was precluded by a prior electronic order entered by the magistrate judge. However, the magistrate judge's electronic order related only to three discovery-and-attorney-fee-related motions and only sought attorneys' fees related to the filing of those motions. The electronic order is irrelevant to the district court's award of attorneys' fees and costs at issue here.

Finally, we reject Gore's argument that the district court failed to conduct a de novo review of the portions of the magistrate judge's report to which Gore lodged objections. In its order accepting the report, the district court explicitly said that it did so.

Based on the foregoing, Gore fails to make the requisite showing that he will present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Additionally, his motion to reinstate his appeal in No. 24-10203, and consolidate it with this appeal is DENIED.