**UNITED STATES of America,**

v.

**Ronald P. SCACCIA et al., Defendants.**

No. 81–CR–1.

United States District Court,
N. D. New York.

June 2, 1981.

Boreanaz, NeMoyer & Baker, Buffalo, N. Y. by Harold J. Boreanaz, Buffalo, N. Y., for Ronald P. Scaccia.

George H. Lowe, U. S. Atty. for the Northern District of New York, Syracuse, N. Y. by Kevin E. McCormack, Dept. of Justice Atty., Syracuse, N. Y., for United States of America.

## OPINION and ORDER

MacMAHON, Chief Judge.*

Invoking Sections 144 and 455 of Title 28, United States Code, defendant Ronald P. Scaccia ("Scaccia"), upon the supporting affidavit of his attorney, Harold J. Boreanaz and a memorandum of this court, dated November 5, 1980, revoking Scaccia's probation, but without an affidavit of Scaccia, himself, moves to disqualify me from sitting as a trial judge in the instant case. For the reasons which follow, we deny the motion.

Scaccia contends that we are personally biased and prejudiced against him because we sentenced him on November 20, 1975 to a five-year split sentence upon his plea of guilty to embezzling money from the Pension Fund of the Laborer's International of North America, AFL–CIO, Local No. 214 ("Local 214"), while an officer of that union. Under the sentence, Scaccia was imprisoned for two years and placed on probation for the remaining fifty-eight months. Thereafter, on August 8, 1980, Chief Judge Munson entered an order charging Scaccia with a violation of the first condition of his probation, which required Scaccia to "refrain from violation of any law (federal, state, and local)."

A revocation hearing was held before us on September 9 and 10, 1980, and, in a memorandum dated November 5, 1980, we found that a preponderance of the evidence established (1) that Scaccia had functioned as the business manager of Local 214, despite the bar of such activities by union officers convicted of embezzlement, created

by 29 U.S.C. § 504, and (2) that Scaccia had knowingly requested, demanded and received money from Nicholas Giambatista, a contractor, in violation of 29 U.S.C. § 186(b)(1). Reasonably satisfied that Scaccia had violated the terms of his probation, we revoked his probation and sentenced him to three years in prison.

On January 9, 1981, a grand jury returned a twenty-four count indictment charging seven defendants with various violations of federal criminal law. Defendant Scaccia is charged in eleven counts, including: conspiracy, 18 U.S.C. § 1962(d) (Count 1); violations of the Taft-Hartley Act, 29 U.S.C. § 186(b)(1) and (d) (Counts 2, 3 and 5), the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501(c) (Counts 7, 8, 9, 10 and 11), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)(1) (Count 19); and obstructing justice, 18 U.S.C. § 1503 (Count 18).

The only charge in the indictment involving evidence presented at the probation hearing is the charge that Scaccia requested, demanded and received a payment from Nicholas Giambatista, contained in Count 2 and in Counts 1 and 19 insofar as these counts allege Count 2 as an act of racketeering. The balance of the indictment contains charges in no way connected with the probation revocation hearing. The only knowledge which the court gained concerning Count 2 was learned in the context of the judicial proceeding. Moreover, the issue of fact concerning Count 2 will be decided not by the court but by the jury.

Defendant Scaccia asserts that, at his sentencing on November 5, 1980, we stated that the evidence presented at the revocation hearing was substantial in supporting an allegation that he had engaged in subornation of perjury, use of cocaine, and large-scale corruption (Defendant's Memorandum ¶ 13). This is not the fact; the assertion is inaccurate. While it is true that the

* Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

government made such allegations in its sentencing recommendation, in response to defendant's objection we specifically stated that we would give no consideration to these matters in determining the appropriate sentence. Nor did we.

■ Scaccia also argues that our knowledge of the facts gained from the revocation hearing would constitute "personal knowledge of disputed evidentiary facts concerning the proceeding," within the meaning of 28 U.S.C. § 455(b)(1), and that our comments at sentencing would constitute "bias and prejudice," within the meaning of 28 U.S.C. §§ 144 and 455(b)(1). A judge is required to recuse himself under 28 U.S.C. § 144 when a party files an affidavit sufficiently demonstrating that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." Similarly, § 455(b)(1) requires the trial judge to disqualify himself "where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

■ The alleged bias, prejudice or knowledge under both statutes must "stem from an extrajudicial source" and not derive from any conduct occurring within a judicial context."[1] Facts learned, opinions formed or adverse rulings made during the course of judicial proceedings do not themselves establish the personal bias or prejudice required for disqualification.[2] Accordingly, these statutes will not disqualify a judge from presiding over the trial of a defendant whose co-conspirators have been convicted in an earlier prosecution before that judge,[3] from conducting the trial of a defendant who was previously convicted before the court on unrelated charges,[4] or even from presiding over the retrial of defendants following a mistrial or reversal of their convictions.[5]

■ Taking allegations of fact but not the conclusions stated in the moving affidavit as true,[6] we find that Scaccia fails to allege any personal bias or prejudice which is extrajudicial in nature. As noted above, it is well settled that Scaccia's conviction before us following his plea of guilty to a charge of embezzlement, our subsequent imposition of sentence, and our comments upon either of his sentences do not constitute personal bias or prejudice against this defendant.

1. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *In re International Bus. Mach. Corp.*, 618 F.2d 923, 928 (1980); *Davis v. Board of School Comm'rs*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

2. *In re International Bus. Mach. Corp., supra*, 618 F.2d at 928–929 nn. 1 and 6; *King v. United States*, 576 F.2d 432, 437 (2d Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir. 1977); *United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581 (1977); *Wolfson v. Palmieri*, 396 F.2d 121, 126 (2d Cir. 1968).

3. *United States v. Partin*, 552 F.2d 621 (5th Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); *United States v. Di Lorenzo*, 429 F.2d 216 (2d Cir. 1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1609, 29 L.Ed.2d 120 (1971). *See also United States v. Bernstein*, 533 F.2d 775, 784–85 (2d Cir.), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523 (1976) (acceptance of co-defendant's guilty plea not demand recusal).

4. *Wolfson v. Palmieri, supra*, 396 F.2d 121. *See United States v. Wolfson, supra*, 558 F.2d at 64 n.17.

5. *United States v. Robin*, 553 F.2d 8 (2d Cir. 1977) (per curiam) (en banc); *United States v. Edmonds*, 535 F.2d 714, 717 (2d Cir. 1976); *United States v. Newman*, 481 F.2d 222 (2d Cir.), *cert. denied*, 414 U.S. 1007, 94 S.Ct. 367, 38 L.Ed.2d 244, 50 L.Ed.2d 608 (1973). We recognize, however, that certain circumstances may make it the "wiser practice" to reassign a lengthy and complex trial to a new judge following a mistrial or reversal. *United States v. Bryan*, 393 F.2d 90 (2d Cir. 1968). *See United States v. Robin, supra*, 553 F.2d 8.

6. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1922). *Cf. United States v. Sclafani*, 487 F.2d 245 (2d Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 445, 38 L.Ed.2d 314 (1973); *United States v. Conforte*, 457 F.Supp. 641 (D.Nev.1978), *aff'd*, 624 F.2d 869 (9th Cir. 1980).

The additional fact that we revoked Scaccia's probation does not warrant a different conclusion. All of the information upon which the latter decision was predicated came to us in a judicial proceeding, the fairness of which Scaccia has never challenged.[7] The hearing itself was factually and procedurally uncomplicated and lasted only two days. Since these latter circumstances would have permitted us to conduct a retrial of this defendant had that hearing been a criminal trial,[8] we find no reason to believe that we are disqualified from presiding over the present trial.

Scaccia also contends that § 455(a) requires us to disqualify because this trial is a "proceeding in which [the judge's] impartiality might reasonably be questioned." Scaccia focuses on the findings made in our memorandum and order revoking his probation and certain remarks addressed to Scaccia when sentence was subsequently imposed. Scaccia asserts that these findings and statements indicate that the court has determined that he is guilty of certain of the charges now brought against him and that the court has personal knowledge of disputed evidentiary facts concerning the instant indictment and has prejudged critical facts relevant to the charges against him.

We initially note our skepticism that § 455(a) was intended to disqualify a judge simply because he has encountered and ruled against a criminal defendant during a prior judicial proceeding. Although § 455(a) may require disqualification in certain instances when the specific provisions

of § 455(b) would not,[9] we believe that the need to show an extrajudicial source of prejudice or bias remains the general rule under § 455(a). Thus, only in exceptional circumstances will actions occurring within a judicial context be found to require disqualification because of a "suspicion of partiality."[10]

Granting that such circumstances occasionally do exist, there are no such circumstances here. First, we observe that Scaccia is not charged here with violating 29 U.S.C. § 504, which forbade him from performing any union duties, other than as a clerk of custodian, during the five-year period following his 1975 conviction. Most of the findings made in our memorandum related to conduct which, although otherwise entirely innocent, indicated that Scaccia unlawfully functioned as the de facto business manager of Local 214.[11]

The second violation of law upon which revocation was predicated was Scaccia's request for, and receipt of, money from a contractor. This criminal activity is the subject of Count 2 of the indictment and is also incorporated as a component of the two racketeering counts. The fact that we have once before heard evidence relating to this charge and had formed an opinion as to the likelihood that Scaccia had violated the law does not raise any more suspicion of partiality than would our presiding over a retrial of defendant on the same charge.[12]

Moreover, three critical distinctions between the revocation hearing and trial belie the reasonableness of any suggestion that we have prejudged Scaccia's criminal guilt.

7. Cf. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (announcing minimal due process standards to govern probation and parole revocation).

8. See United States v. Edmonds, supra, 535 F.2d at 717 n.5; United States v. Newman, supra, 481 F.2d at 223 n.5.

9. In re International Bus. Mach. Corp., supra, 618 F.2d at 929.

10. United States v. Bryan, supra, 393 F.2d at 91 n.5. See In re International Bus. Mach. Corp., supra, 618 F.2d at 929 nn. 1 and 7 and cases

cited therein; United States v. Schwartz, supra, 535 F.2d at 165 n.2.

11. We were not called upon to consider, and thus voiced no conclusions concerning, the charges contained in Count 9 of the instant indictment, which alleges that Scaccia did not perform the services of clerk to Local 214. Indeed, our only relevant comment was that Scaccia had failed to "limit himself to his clerical responsibilities." (Emphasis added.)

12. See United States v. Edmonds, supra, 535 F.2d at 717 n.5.

First, the finder of fact upon the trial here will be the jury, not the court.[13] Second, the burden of proof upon a hearing for probation violation is merely to satisfy the court of the violation by a preponderance of the evidence, but upon the trial here the jury, not the court, must be convinced beyond a reasonable doubt that Scaccia is guilty of the crimes he is alleged to have committed. Finally, we emphasize that a probation hearing does not afford the convicted individual the "full panoply of rights" to which he is entitled as a criminal defendant.[14] In light of these considerations, we find that our impartiality cannot reasonably be questioned.[15]

Scaccia does not complain that we conducted the revocation hearing unfairly or that we deprived him of the due process of law during that proceeding. Rather, the inference to be drawn from our conduct during the revocation hearing is that we will be equally scrupulous in affording all defendants a fair criminal trial.[16]

Having found that Scaccia has failed to establish a personal bias or prejudice on our part, or a reasonable question as to our impartiality, the motion to disqualify is in all respects denied.

So ordered.

---

13.  *United States v. Robin, supra,* 553 F.2d at 10 n.5.

14.  *Morrissey v. Brewer, supra,* 408 U.S. at 480 n.7.

15.  The court's comments at the time it sentenced Scaccia for violating his probation are devoid of any evidence of personal prejudice harbored by this court. The reprimand directed at Scaccia served to inform him of the court's reasons for imposing a sterner sentence than was originally imposed. *Cf. United States v. Edmonds, supra,* 535 F.2d at 717 n.5. Furthermore, in determining an appropriate sentence, the court refused to consider allegations of other criminal conduct which were belatedly made by the prosecutor. Under the circumstances here, exposure to a defendant's presentence report is not an extrajudicial source of prejudice and does not require the disqualification of this court. *United States v. Robin, supra,* 553 F.2d at 10 n.5. *See also United States v. Winston,* 613 F.2d 221 (9th Cir. 1980); *United States v. Azhocar,* 581 F.2d 735 (9th Cir. 1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

16.  *Wolfson v. Palmieri, supra,* 396 F.2d at 126 n.4.