Lewis **MARKUS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 82 Civ. 4369.

United States District Court,
S. D. New York.

Aug. 18, 1982.

Lewis Markus, pro se.

John S. Martin, Jr., U. S. Atty. for the Southern District of New York, New York City, for respondent; Lawrence F. Ruggiero, Asst. U. S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion by the defendant to vacate a sentence he is now serving and for resentencing made pursuant to 28 U.S.C., section 2255. He also moves that the Court recuse and disqualify itself from passing on that motion pursuant to 28 U.S.C., sections 144 and 455, on the grounds, stated variously, that the Court has not been impartial or objective in passing upon his matters.

To sustain a claim of disqualification of a judge under either section 144 or 455(b)(1) for "personal bias or prejudice concerning a party," the alleged prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"[1] or as otherwise stated, the prejudice of the trial judge "must arise by virtue of some factor which creates partiality arising outside the events which occur in the trial itself."[2] The same rule applies to a claim made under section 455(a) that the judge's "impartiality might reasonably be questioned"[3] although other factors are relevant.

The petitioner's claim of "personal bias or prejudice" is based upon court rulings, acts or statements that were made or occurred during the course of the sentencing proceeding and the disposition of various motions thereafter made by peti-

---

1. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *see also King v. United States*, 576 F.2d 432, 437 (2d Cir. 1978), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir. 1977); *Wolfson v. Palmieri*, 396 F.2d 121, 124–25 (2d Cir. 1968); *United States v. Corr*, 434 F.Supp. 408, 411–12 (S.D.N.Y.1977).

2. *In re International Business Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980).

3. *Supra* 618 F.2d at 928; *United States v. Haldeman*, 559 F.2d 31, 132 & n.296 (D.C.Cir. 1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

tioner for a reduction or vacatur of the sentence, all of which were denied. These were all within the context of judicial proceedings and do not serve as a basis for disqualification. No factual matter as to any extrajudicial incident has been alleged or submitted to support a claim of personal bias or prejudice against the defendant.[4] The motion to recuse on that ground is denied.

■ We next consider petitioner's application under section 455(a) where disqualification is sought on the ground that the judge's "impartiality might reasonably be questioned." A factual basis is required to support such a charge. The test here is not the subjective feelings of the defendant as to the Court's alleged bias,[5] but whether facts have been presented, assuming their truth, that would lead a reasonable person to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment.[6]

■ That the Court imposed a sentence upon the defendant which he deems excessive or disparate does not give factual content to his claim. So, too, that the Court ruled adversely to the defendant's subsequent motions to reduce or vacate the sentence does not establish that a judge's "impartiality might reasonably be questioned."[7] If adverse rulings during the course of a litigation were to be accepted per se to disqualify a judge on the ground that his impartiality might reasonably be questioned, then every disappointed litigant would have it within his power to remove a judge from continuing with the case assigned to him. It would open the way to "judge shopping."[8]

While the petitioner's allegations may reflect his personal attitude of hostility toward the Court, it by no means follows that in response the Court has surrendered its disinterestedness or objectivity—an essential element in order to discharge its sworn duty to render justice faithfully and impartially with respect to any matter presented by the defendant.[9] There are some defendants who when sentenced, no matter what the nature of their crimes or the pervasive-

---

**4.** It is recognized that there are situations where comments and rulings by the court during a trial or excessive questioning of witnesses in a hostile manner may be relevant to the question of the existence of actual prejudice. Cf. *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968); *see also United States v. Nazzaro*, 472 F.2d 302, 307–13 (1973) (ordering new trial for defendant due to trial judge's vigorous participation in questioning defendant and defense witnesses, in contrast to lack of hostile interruption of prosecution witnesses, and to many acrimonious exchanges with defense counsel in presence of jury).

**5.** *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2d Cir. 1968).

**6.** *United States v. Corr*, 434 F.Supp. 408, 412–13 (S.D.N.Y.1977).

**7.** *In re International Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (adverse rulings by a judge do not per se create the appearance of bias under section 455(a)); *United States v. Cowden*, 545 F.2d 257, 265–66 (1st Cir. 1976), *cert. denied*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977); *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2d Cir. 1968) (allegations that sentence and bail were excessive are not grounds for disqualification; also, a motion to disqualify does not constitute a showing of prejudice sufficient to require disqualification);

*Barry v. Sigler*, 373 F.2d 835, 836 (8th Cir. 1967) ("Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings, or has found it necessary to cite a party for contempt, does not automatically or inferentially raise the issue of bias.")

**8.** Cf. *In re International Business Machines Corp.*, 618 F.2d 929 & n.7 (2d Cir. 1980) (citing *Lazofsky v. Sommerset Bus Co.*, 389 F.Supp. 1041, 1044 (E.D.N.Y.1975) ("If the words 'impartiality might reasonably be questioned' . . . were to be interpreted to encompass judicial rulings in the course of a trial or other proceedings . . . then there would be almost no limit to disqualification motions and the way would be open to a return to 'judge shopping,' a practice which has been for the most part universally condemned. Certainly every ruling on an arguable point during a proceeding may give 'the appearance of' partiality, *in the broadest sense of those terms*, to one party or the other.")

**9.** Cf. *King v. United States*, 576 F.2d 432, 437 (2d Cir. 1978), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Wolfson*, 558 F.2d 59, 64 (2d Cir. 1977); *In re Union Leader Corp.*, 292 F.2d 381, 388–89 (1st Cir. 1961).

ness of their past criminal conduct, react with anger and delude themselves into a belief that they are the victims rather than the perpetrators of crimes. Such situations are part of judicial experience—indeed, it has been said that although a "judge lives in an atmosphere of strife, [however, he] is expected to be a man of 'fortitude' " [10] and must rise above such attacks and maintain his impartiality. However, as Judge Frank observed,

> Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those courthouse dramas called trials he could never render decisions.[11]

The defendant's motion to disqualify under section 455(a) is also denied.

■ We now consider the motion to vacate the sentence made under 28 U.S.C., section 2255. Since the petition contains allegations that do not accord with what transpired at the sentencing, the Court refers to the official record to assure complete accuracy. That record speaks for itself relative to petitioner's claim based upon the denial of his request for an adjournment of the sentencing and his further claim that an increased sentence was imposed due to his lack of cooperation in effecting the return of bonds, a contention raised for the first time on this latest application.

Petitioner's claim that the sentence was excessive and disparate, when considered in comparison with the sentences imposed upon other defendants involved in the same crime (who were not sentenced by this Court), overlooks the fact that a sentence is individual as to a particular defendant; that it is a compound of factors that differ from defendant to defendant which takes into account the past life and habits of a particular offender [12] including, but not limited to, the nature of the crime, prior criminal activity, the prospect for rehabilitation, the deterrent force of a sentence, and the right of society to protect itself against the persistent wrongful conduct of an offender. The presentence report in the instant case contains such relevant factual material, a copy of which was made available to the defendant and his counsel before sentencing. This report is also incorporated herein by reference so that there may be no issue about the nature and extent of the defendant's past criminal activities and background. The Court made explicitly clear to the defendant that individual factors were the pertinent considerations in reaching a judgment as to the sentence.[13]

■ A further ground of disqualification advanced by petitioner is his allegation that the judge is the center of litigation with the suggestion that the judge may be called as a witness. It is clear that petitioner's claims do not warrant a hearing, but even if it is assumed that the judge would be a witness, this does not disqualify him prior to a hearing from determining whether the requested hearing should be granted.[14]

The Court has considered all grounds urged to vacate the sentence and finds that each is without substance and, accordingly, the motion is denied. So ordered.

---

10. *In re Union Leader Corp.*, 292 F.2d 381, 389 (1st Cir. 1961) (citation omitted).

11. *In re J. P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943).

12. *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).

13. Sentencing Record at 20, 26.

14. *King v. United States*, 576 F.2d 432, 437 (2d Cir. 1978), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *Panico v. United States*, 412 F.2d 1151, 1155–56 (2d Cir. 1969), *cert. denied*, 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970).