**UNITED STATES of America,**

v.

**Cecil FERGUSON and Edward Joseph, Defendants.**

No. S 82 Cr. 312.

United States District Court,
S.D. New York.

Oct. 26, 1982.

John S. Martin, Jr., U.S. Atty., S.D. New York, New York City, for the United States of America; Stacey J. Moritz, Asst. U.S. Atty., New York City, of counsel.

Jesse Berman, New York City, for defendant Ferguson.

William Mogulescu, New York City, for defendant Joseph.

OPINION

EDWARD WEINFELD, District Judge.

This is a motion by the defendants that the Court recuse itself and transfer the case to another Judge. Prior to the return of the indictment, seven telephone wiretap orders were issued. The initial order for a thirty-day period of surveillance was issued by Judge Haight, then sitting in Part I, who thereafter granted a thirty-day extension and received reports relative thereto pursuant to the statute.[1] At the time the extension issued by Judge Haight was to expire, he was unavailable since he was out of the country and the Judge then presiding in Part I also was not available, whereupon the government applied to this Court on February 13, 1982, the very day the existing extension was to expire, for a further extension. The application contained information with respect to the prior proceedings. This Court granted the requested application and thereafter, on February 18, 1982, the United States Attorney notified

1. 18 U.S.C. § 2518(6).

Judge Haight of the order issued by this Court with the expectation that the latter would continue to act as supervising judge. The only report this Court received was a summary of events during the five-day period between February 13 and February 18. Subsequent extensions were granted by Judge Haight, who continued as the supervising judge.

The claim by the defendants that because this Court, due to the unavailability of the supervising judge who previously had issued a number of wiretap orders, granted the government's application for a further extension and subsequently received a report as required by the statute, it should recuse itself as stated by counsel for "the appearance of justice," is without substance.

There is as little substance to this motion as there would be in the instance where a court conducted a pretrial hearing on a motion to suppress evidence or where a court took testimony on an application for a preliminary injunction and the non-prevailing party sought to have the judge recuse himself from presiding at the trial proper, jury or nonjury.[2] The Court is aware of the ruling in *United States v. Zarowitz*,[3] and respectfully disagrees. The motion is denied.

Subsequent to the filing of the foregoing motion and during its pendency, the United States Attorney assigned Robert Litt, an Assistant United States Attorney, to assist another Assistant who was in charge of the case due to the volume of work generated by a series of motions made by the defendants. The defense attorneys were advised that Mr. Litt had served as one of my law clerks during 1976–77. Thereupon the defendants' attorneys made a further motion to recuse on the ground of Mr. Litt's assignment, stating that although they "are not in a position to accuse anyone of impropriety," recusal was required because of "the appearance of justice." This application does not merit the dignity of discussion.[4]

So ordered.

---

**2.** *Cf. Markus v. United States*, 545 F.Supp. 998 (S.D.N.Y.1982) (and cases cited therein).

**3.** 326 F.Supp. 90 (C.D.Cal.1971).

**4.** *Cf. Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968).