**UNITED STATES of America**

v.

**Guido FREZZO.**

**Crim. No. 83–00029–1.**

United States District Court,
E.D. Pennsylvania.

May 5, 1983.

Peter F. Vaira, U.S. Atty., Walter S. Batty, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Thomas Colas Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant Guido Frezzo has moved this Judge to recuse himself from presiding over Frezzo's impending criminal jury trial in which he is charged with conspiracy and receiving stolen property. Defendant contends that this Judge's impartiality in the present case may reasonably be questioned since this Judge presided over a previous criminal jury trial of the defendant, which resulted in his conviction for violating the Federal Water Pollution Act. Prior to this Judge's sentencing of Mr. Frezzo on December 6, 1978, this Judge reviewed a presentence report and recommendation prepared by the probation office. Defendant was fined and sentenced to a 30-day period of incarceration. The defendant also contends that this Judge's exposure to adverse information about him, presented by the Government in opposition to his motion to reduce his sentence, creates an appearance of bias, as does the protracted nature of the post-trial proceedings in the prior case.[1] Consequently, defendant contends that this Judge must recuse himself pursuant to 28 U.S.C. § 455(a) which requires a judge of the United States to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."

We should state at the outset that defendant has not pointed to any extrajudicial conduct of this Judge in support of his motion for recusal. Nor indeed has defendant called this Judge's attention to any material in either the presentence report or in the proceedings subsequent to his prior conviction which could bias or prejudice this Judge. The Court does not recall any such information. Defendant also does not claim that any of this Judge's rulings or actions in the prior proceedings were the result of bias or prejudice, nor does defendant point to anything in those proceedings which could support a contention that this Judge has prejudged or will prejudge anything of issue in the current proceedings. The appearance of bias as claimed by the defendant is based solely upon the fact that this Judge, more than four years ago, reviewed a presentence report prior to the imposition of sentence upon defendant and presided over post-trial proceedings. This Judge has considered the contentions of the defendant, and the Government's response, and has also independently considered whether its recusal is warranted or desirable in the interests of justice. For the reasons stated below, we have determined that this Judge's impartiality cannot reasonably be questioned in this case, and that this Judge's review of the presentence report does not warrant recusal. Defendant's motion to recuse will therefore be denied.

Although defendant has chosen to base his motion on 28 U.S.C. § 455(a), the Court does not believe that this section is applicable, since defendant has not alleged bias or prejudice resulting from any extrajudicial source. *See* p. 597, *infra.* Defendant has also, however, argued that the principles enunciated in *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), as interpreted by the Third Circuit in *United States v. Small,* 472

---

1. Defendant's conviction was affirmed on direct appeal, 602 F.2d 1123 (3d Cir.1979), and *certiorari denied* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Defendant then sought collateral relief, which was denied, 491 F.Supp. 1339 (E.D.Pa.1980). This denial was reversed and remanded for further proceedings, 642 F.2d 59 (3d Cir.1981). On remand, this Court again denied relief, 546 F.Supp. 713 (Pa.1982), and this denial was affirmed 703 F.2d 62 (3d Cir. 1983).

F.2d 818 (3d Cir.1972), require recusal. *Gregg* and *Small* were both based on the prohibition, contained in Rule 32 of the Federal Rules of Criminal Procedure, of premature disclosure of presentence reports. Since the Court believes that *Gregg* and *Small* and their progeny provide the proper frame of reference for consideration of defendant's motion to recuse, we will begin with a discussion of the principles of these cases.

In contending that recusal is required in this case, defendant places primary reliance on this Court's viewing of a presentence report concerning the defendant prior to sentencing him in December, 1978. Defendant does not contend that anything about the Court's review of the presentence report was improper or in violation of Fed. R.Crim.P. 32. Defendant contends, however, that the reasoning of dicta in *Gregg v. United States,* supports recusal in the present case. In *Gregg* the Supreme Court stated that submission of a presentence report to the Court before a defendant pleads guilty or is convicted, in violation of Rule 32, "constitutes error of the clearest kind." 394 U.S. at 491–92, 89 S.Ct. at 1136. Since a presentence report may contain prejudicial non-evidentiary material presented to the judge *ex parte,* the Supreme Court added, strict compliance with the terms of Rule 32 is necessary to prevent "the possibility of prejudice which Rule 32 intended to avoid." *Id.*

In *United States v. Small,* 472 F.2d 818 (3d Cir.1972), the Third Circuit noted that the Supreme Court in *Gregg* was not considering circumstances, such as retrial, in which a judge would necessarily have seen a presentence report concerning the defendant before presiding over his trial. Nor, according to the Third Circuit, was the Supreme Court considering "other similar circumstances when a judge may see a presentence report on a defendant before proceeding to try him." 472 F.2d at 821. One such circumstance identified by the Third Circuit as not covered by *Gregg* was that in which a trial judge presides over the conviction of a defendant on one criminal offense, and sentences him, and shortly thereafter is assigned to try the same defendant on other charges. The Third Circuit suggested that in such a case the principles of *Gregg* require the trial judge to balance Rule 32's objective of preventing even the possibility of prejudice with the administrative convenience, simplicity of procedure and prevention of delay implicit in having a single judge preside over a defendant's court appearances. 472 F.2d at 821–22. *See* Advisory Comm. Notes, 1974 Amendment (decision is discretionary with the trial judge). Considering the present case in light of this test as set forth in *Small,* the Court has determined that the balance of competing considerations weighs against recusal.

Any possibility of prejudice based upon a reading over four years ago of the defendant's presentence report, and the Court does not believe there is any, cannot be equated with the possibility of prejudice in the circumstances discussed by the Third Circuit in *Small.* Since this is not a retrial, there is no danger that the Court has learned facts from the prior proceeding involving the defendant regarding the current charges against him which might cause the Court to prejudge the issue of guilt. The Court could not, for example, have read in the presentence report any statement of the defendant's version of the events giving rise to the current charges, as might be true were this a retrial of the earlier case. In addition, over four years have elapsed since the defendant was sentenced following his conviction in the earlier trial. We do not think it reasonable to believe that the Court has retained any prejudicial information which might have been contained in the presentence report. In fact, as stated above, the Court cannot recall any adverse information that was presented about the defendant in the presentence report. This case involves fewer dangers of prejudice than does the situation identified by the Third Circuit in *Small* where the second trial of the defendant on unrelated charges occurs "shortly" after the first conviction and sentence. *See Small,* 472 F.2d at 821. While we have employed the balancing test suggested by *Small,* this may be more than even *Small* requires.

Finally, the Court takes note of the fact that it will not be sitting as a fact-finder in the impending trial; nor has the Court made any factual findings which bear any relationship to the issues in the current proceedings. These factors also weigh against recusal. *United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977); *United States v. Scaccia,* 514 F.Supp. 1353, 1356–57 (N.D. N.Y.1981); *United States v. Ferretti,* 508 F.Supp. 913, 916 (E.D.Pa.1981); *United States v. Meinster,* 488 F.Supp. 1342, 1348 (S.D.Fla.1980) *aff'd sub nom., United States v. Phillips,* 664 F.2d 971 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2965, 73 L.Ed.2d 1354, —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). As the District Court stated in *Meinster:*

> During a criminal jury trial, this Court does not sit to determine the guilt or innocence of the defendants before it. That mission is the function of the jury. In contrast, the task of the Court is to answer those legal questions which arise during the course of the trial and to ensure that the trial is conducted in an orderly fashion which will protect the interests of all concerned: the defendants, the government and the community at large.

488 F.Supp. at 1348.

The Court also believes that the administrative and other burdens of a transfer of this case to another judge at this time would not be insubstantial. Although the case has not yet proceeded to trial on the merits, it is almost ready for trial, and a transfer could only serve to delay the proceedings. Further, the Court has already ruled on the severance motion of a co-defendant, has taken guilty pleas of three other co-defendants, and has had rather extensive involvement in the questions raised as to the competency of one of these co-defendants. The Court has also gained familiarity with the five-count indictment handed down in this case. The Court cannot, therefore, accept defendant's contention that recusal in this case would involve no delay or duplication of effort.

In addition, administrative burdens are raised by the transfer itself, burdens which would be substantial for the court system as a whole if recusal were held to be justified on the basis of the allegations the defendant has made here. Severe burdens would be placed on the judicial system if a judge had to withdraw from a case whenever he or she had presided over proceedings in the same or a related case that provided non-evidentiary information about a defendant. *United States v. Cowden,* 545 F.2d 257, 265–66 (1st Cir.), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1976); *United States v. Archibald-Newball,* 554 F.2d 665, 682 (5th Cir.1977), *cert. denied,* 434 U.S. 1000, 98 S.Ct. 644, 54 L.Ed.2d 496 (1977). The reasoning supporting recusal in the present case could extend to require recusal where a judge heard evidence later suppressed, or presided over bail or probation revocation hearings. Such reassignment would impose unnecessary burdens, and could also, since recusal is often at the defendant's request, subvert the purpose of this Court's system of random assignment of judges to cases. *See Markus v. United States,* 545 F.Supp. 998, 1000 (S.D.N.Y.1982) (condemning "judge-shopping"); *United States v. Kelly,* 519 F.Supp. 1029 (D.Mass. 1981). For all of the above reasons, the Court has determined that the balance of considerations in this case weighs in favor of denial of defendant's motion to recuse.

The Court's decision not to recuse itself in the present case is supported by the holdings, and the reasoning, of virtually every case which has considered the question of recusal in similar circumstances. At least two courts have stated flatly that information contained in presentence reports properly brought to a judge's attention during the performance of his duties is not a basis for disqualifying the judge. *United States v. Clark,* 605 F.2d 939, 940–41 (5th Cir. 1979); *United States v. Montecalvo,* 545 F.2d 684, 685 (9th Cir.1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977). As the Court in *Clark* stated, quoting *Smith v. United States,* 360 F.2d 590, 592 (5th Cir.1966), the suggestion that disqualification is proper because a judge has

viewed a presentence report is "highly untenable in light of the decisions that a trial judge, who is familiar with the defendant's background by reason of having tried him in previous cases, is not thereby disqualified to try the same defendant in subsequent cases." 605 F.2d at 941. Courts have also explicitly held that where a judge is faced with a trial of a defendant whose presentence report he has read in a prior case refusal to recuse is proper. *United States v. Harris*, 542 F.2d 1283, 1303–04 (7th Cir. 1976); *United States v. Foddrell*, 523 F.2d 86, 87 (2d Cir.1975), *cert. denied*, 423 U.S. 950, 96 S.Ct. 370, 46 L.Ed.2d 286 (1976). A number of cases have also considered further proceedings in the same trial after a presentence report has been reviewed, without violation of Fed.R.Crim.P. 32, and have concluded that recusal was not required. *See United States v. Clark*, 605 F.2d at 942 (withdrawn guilty plea); *United States v. Sonderup*, 639 F.2d 294 (5th Cir.1981), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426 (1981), 453 U.S. 928, 102 S.Ct. 892, 69 L.Ed.2d 1024 (1981) (same); *United States v. Montecalvo*, 545 F.2d at 685 (same); *United States v. Lyon*, 588 F.2d 581, 582–83 (8th Cir.1978), *cert. denied*, 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 381 (1979) (same, demonstrable prejudice must be shown); *United States v. Bourque*, 541 F.2d 290, 296 (1st Cir.1976) (same, demonstrable prejudice must be shown); *United States v. Hill*, 550 F.Supp. 983, 986 n. 6 (E.D.Pa.1982) (retrial); *United States v. Ferretti*, 508 F.Supp. 913 (E.D.Pa.1981) (retrial); *United States v. Sepulveda*, 512 F.Supp. 592 (E.D.Tenn.1981) (retrial); *United States v. Scaccia*, 514 F.Supp. at 1355–56 (prior trial, judge also presided at probation revocation proceeding); *But see United States v. LeFrere*, 553 F.Supp. 133 (C.D.Ill. 1982) (rejected plea agreement; court exercises discretion to recuse). Finally, several cases, while not specifically discussing the problem of presentence reports, have held that prior judicial exposure to a defendant does not constitute grounds for recusal. *United States v. Jackson*, 627 F.2d 1198, 1207 n. 20 (D.C.Cir.1980); *United States v. Vasquez*, 638 F.2d 507, 523 n. 8 (2d Cir.

1980), *cert. denied*, 450 U.S. 970, 101 S.Ct. 1490, 67 L.Ed.2d 620 (1981) (contention that judge should have disqualified himself because defendant had previously been convicted before same judge held "meritless"); *United States v. Wolfson*, 558 F.2d 59 (2d Cir.1977) (judge sat at two previous trials of defendant ending in convictions); *King v. Warden*, 551 F.2d 996 (5th Cir.1977); *Barnes v. United States*, 241 F.2d 252, 254 (9th Cir.1956) ("Because a judge has decided one case against a litigant is no reason why he cannot sit in another"); *See also Mitchell v. Fiore*, 470 F.2d 1149 (3d Cir.1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1899, 36 L.Ed.2d 399 (1973) (proper for judge to preside over contempt proceedings even though he presided over earlier trials); *United States v. Boffa*, 513 F.Supp. 505 (D.Del. 1981) (no recusal where trial judge sat on unrelated case and found defendant's testimony not credible).

Defendant has also contended that since the reading of a presentence report itself raises the appearance of impropriety according to the Supreme Court's discussion in *Gregg*, recusal is required in this case by 28 U.S.C. § 455(a) regardless of any determination we might make by applying the balancing test of *Small*. Defendant contends that the enactment of the present § 455(a) in 1974 has undercut the validity of the *Small* test. A holding consistent with defendant's contention would require recusal in every case in which a presentence report concerning the defendant, whether in a prior proceeding or the present proceeding, had been read. This would be inconsistent with every case cited above in which it was held proper for a judge to conduct further proceedings after having read a presentence report concerning the defendant. In making his contention, defendant has read too much into the *Gregg* opinion. *Gregg* did not state that an appearance of bias is raised every time a judge reads a presentence report; it stated that error is committed when a presentence report is read in violation of Rule 32, and that the purpose of Rule 32 is to avoid even the possibility of prejudice.

Further, in contending that the enactment of § 455(a) has rendered the *Small* analysis obsolete, defendant has read the *Small* opinion for less than it is worth. It is true, as defendant asserts, that § 455(a) is designed to prevent the objective appearance of bias, as well as bias-in-fact. *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982). The test is whether there is a reasonable factual basis for doubting the judge's impartiality. *Id.* As heretofore noted, however, the *Small* balancing test was designed not merely to prevent actual, demonstrable prejudice, but to prevent "even the possibility of prejudice." 472 F.2d at 821–22. Defendant's apparent contention that the *Small* test does not provide the protection against the appearance of partiality contemplated by § 455(a) is thus untenable.

Further, it is quite doubtful that § 455(a) was intended to apply to conduct within a judicial context, and there is no support for the contention that it is applicable to the conduct upon which defendant here bases his recusal motion. Most courts which have considered § 455(a) have held that the determination whether a judge's impartiality might reasonably be questioned is to be made solely on the basis of conduct extrajudicial in nature. *Davis v. Board of School Commissioners of Mobile Cty.*, 517 F.2d 1044, 1052 (5th Cir.), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *United States v. Boffa*, 513 F.Supp. at 509–10; *United States v. Sepulveda*, 512 F.Supp. at 595; *Markus v. United States*, 545 F.Supp. at 999; *United States v. Cerrella*, 529 F.Supp. 1373, 1376 (S.D.Fla.1982); *United States v. Kelly*, 519 F.Supp. 1029, 1038 & n. 24 (D.Mass.1981). Another Court's position on this question is unclear. *Compare United States v. Coven*, 662 F.2d 162, 168 (2d Cir.1981) (fact that allegedly prejudicial information is learned in a judicial rather than a personal capacity is "relevant" to the analysis of the appearance of impropriety); *with In re International Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir.1980) ("We conclude that under section 455(a) the bias to be established must be extrajudicial and not based upon in-court

rulings.") The Third Circuit has approved the *Davis* holding, and stated that "[i]nsofar as the policy behind § 455 is concerned with matters of potential influence which exist 'outside the courtroom' we agree that the primary inquiry ought to be into extrajudicial conduct." *Mayberry v. Maroney*, 558 F.2d 1159, 1162 n. 16 (1977). Even where conduct in a judicial context is considered, however, it will serve to disqualify only in "exceptional circumstances," where the conduct reflects pervasive bias and prejudice. *United States v. Phillips*, 664 F.2d at 1000–1004; *United States v. Scaccia*, 514 F.Supp. at 1356. No such circumstances exist in the present case.

In several cases in which defendants have argued recusal was necessary because of the judge's review of a presentence report, the argument for recusal has been based not only on *Gregg* and its progeny, but also on § 455. In all of these cases, § 455 has been held not to require recusal. *United States v. Clark*, 605 F.2d at 940–41; *United States v. Sonderup*, 639 F.2d at 296; *United States v. Lyon*, 588 F.2d at 582–83. *See United States v. Cowden*, 545 F.2d at 265–66; *United States v. Coven*, 662 F.2d at 168. For all the above reasons, this Court has determined it is not required to recuse itself pursuant to § 455(a).

The Court's conclusion that its review of the presentence report does not counsel recusal applies *a fortiori* to the other contentions raised by the defendant. Any adverse information which might have been presented to the Court in the government's brief in opposition to defendant's Rule 35 motion, and the Court does not recall if there was any, or what it was, would have been learned in a judicial context, and there has been absolutely no showing that it in any way provides a basis for inferring the kind of bias and prejudice necessary for a recusal under such circumstances. Similarly, although the defendant has referred to the length of the proceedings for collateral relief in this case, defendant has not pointed to a single ruling or other circumstance regarding these proceedings that would either raise the inference of bias or serve to

598

create bias, nor is the Court aware of any. The post-conviction proceedings involved questions of the interpretation of the statute and regulations under which defendant was convicted; they did not involve any consideration by this Court of the character of the defendant or of any facts which might be relevant to the current case against him. Moreover, the Court's denial of relief was ultimately affirmed on appeal. There is thus no factual basis to create an objective appearance or possibility of partiality.

For all of the above reasons, defendant's motion to recuse will be denied.