**UNITED STATES of America**

v.

**FREZZO BROTHERS, INC., Guido Frezzo, and James L. Frezzo, Appellants.**

No. 82–1494.

United States Court of Appeals,
Third Circuit.

Argued March 8, 1983.

Decided March 29, 1983.

---

8. "[B]ecause we have no jurisdiction we are powerless to comment upon the merits."

John Rogers Carroll (argued), Carroll & Carroll, Philadelphia, Pa., for appellants.

Bruce J. Chasan, Asst. U.S. Atty. (argued), Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM, SLOVITER and VAN DUSEN, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM:

In 1978, a jury convicted appellants of six counts of willfully and negligently discharging pollutants into waterways of the United States in violation of 33 U.S.C. §§ 1311(a) and 1319(c) (1978). *See United States v. Frezzo Bros., Inc.,* 461 F.Supp. 266

*TRW, supra,* 638 F.2d at 1238.

(E.D.Pa.1978). This court affirmed the convictions. *United States v. Frezzo Bros., Inc.,* 602 F.2d 1123 (3d Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). The district court dismissed petitions for post-conviction relief, under 28 U.S.C. § 2255, *United States v. Frezzo Bros., Inc.,* 491 F.Supp. 1339 (E.D. Pa.1980), but this court reversed and remanded for an evidentiary hearing to determine whether appellants' conduct was exempted from the criminal sanctions of 33 U.S.C. §§ 1311(a) and 1319(c) as agricultural activity under 40 C.F.R. § 125.4(i) (1978). *United States v. Frezzo Bros., Inc.,* 642 F.2d 59 (3d Cir.1981).

The district court found that petitioners' conduct was not agricultural activity; rather, the court found that petitioners' conduct was manufacturing in . nature. *United States v. Frezzo Bros., Inc.,* 546 F.Supp. 713 (E.D.Pa.1982). Consequently, it held that the pollution that resulted from petitioners' conduct was not exempted by 40 C.F.R. § 125.4(i) from the criminal sanctions under which they were convicted, 33 U.S.C. §§ 1311(a) and 1319(c). It therefore denied petitioners' request for collateral relief. Petitioners now oppose the district court's decision.

After considering the contentions raised by appellants, to-wit, that (1) the district court erred in interpreting the Environmental Protection Agency's agricultural exclusion regulations, (2) the district court entirely ignored the evidence of record in determining that petitioners' mushroom composting operation was manufacturing rather than agriculture, (3) the government is estopped from arguing and the district court is estopped from finding that petitioners' mushroom composting operation is manufacturing, (4) that the definition of point source in the Water Pollution Control Act and EPA regulations constitute an unconstitutionally vague standard of criminal conduct, (5) petitioners were denied effective assistance of counsel, we will affirm the judgment of the district court.